IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 18 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| PATRICK SWEENEY AND JILL SWEENEY, § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| HOLT & YOUNG, P.C., ET. AL. § | |
| Defendants. § | |
| § | |

## PLAINTIFF'S COMPLAINT THAT DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT.

Now come Plaintiffs, PATRICK NEIL SWEENEY and JILL SWEENEY (hereafter DEBTOR), to assert that Defendant, HOLT & YOUNG, P.C. (hereafter HOLT & YOUNG), through various employees of the firm and others, did engage in acts prohibited by the Fair Debt Collection Practices Act (hereafter FDCPA) while attempting to collect a consumer debt. Plaintiffs seek actual damages, statutory damages, and costs from defendants for false, deceptive, or misleading representations as to the character, amount, or legal status of a debt. In support thereof, Plaintiffs will show as follow:

### BACKGROUND

DEBTOR owns real property in the Champion Forest subdivision in Harris County, Texas, located at 16010 Winchmore Hill Drive, Spring, Texas 77379 and more particularly known as Lot 32, Block 03, of Champion Forest, Section 8, an addition in Harris County, Texas, according to the map or plat thereof recorded in the Map Records of Harris County, Texas, under Volume 299, Page 21, as modified by any supplements thereto or replats thereof. Champion Forest Fund, Inc., (hereafter CREDITOR), a Texas nonprofit corporation governing Champion Forest subdivision in Harris County, Texas, governs the

Champion Forest subdivision based upon Restrictions and Covenants Governing Property and Lots in Champion Forest, Section Eight, recorded in the Real Property Records of Harris County, Texas, under Clerk's File No. G869769. Section 16 of the Covenants subjects each lot in the Subdivision to periodic maintenance assessments stating, in part, that "all past due maintenance charges shall bear interest from their date at 10% per annum until paid." That section further states that the "maintenance charge shall be secured by a vendor's lien on each lot" (Exhibit A).

CREDITOR contracted with a management company, Principal Management Group of Houston (hereafter "PMG"), in 2019 to "work under the direction of the Board of Directors on all issues concerning the community such as the billing and collection of annual maintenance fees". The announcement identified Shannon Lewis as the community manager (Exhibit B).

A year later, on August 19, 2020, CREDITOR "instructed" PMG to write a demand letter to DEBTOR concerning "delinquent assessments" that included the warning that "we will be forced to commence collection proceedings against your account". One of the actions included as a part of the threatened collection process was identified as "referral of your account to the Association's attorney". The "attorney" referenced in the letter was not identified and there was no mention of DEBTOR's right to dispute the debt as required by the FDCPA at section 1692g (a)(4). The letter concluded with the statement that "we are attempting to collect a debt and any information obtained will be used for that purpose" (Exhibit C).

DEBTOR received three demand letters from HOLT & YOUNG; the first dated January 19, 2021(Exhibit D), five months after the demand letter from PMG, the second dated March 26, 2021 (Exhibit E), , and the third dated May 21, 2021 (Exhibit F). The first letter identified a "total delinquent balance" of $1,536.37, the second a balance of $2,151.36 and the third a balance of $3512.43. No demand letter included any reference to DEBTOR's opportunity to dispute the debt as required by 15 USC § 1692(g), but did identify specific aspects of the alleged debt. The "total delinquent balance" in each letter was identified as the sum of: $1,000.00 in unpaid assessments in each letter, $33.93 for "non-lienable" collection charges, attorney fees of $165.30 in the first, $540.01 in the second and $18776.17 in the third, "late interest" of $324.14 in the first, $332.44 in the second, and $357.34 in the third. The third letter added $144.43 for a "future" attorney fee for release of lien.

PMG account records (Exhibit G) listed no "legal fees" charged as of January 2021, $115.30 charged as of March 2021 and $915.00 charged as of May 2021. The same records listed "late interest" of $74.64 as of January 2021, $91.24 as of March 2021 and $107.84 as of May 2021. HOLT & YOUNG "legal services" listed in an "invoice detail" dated October 5, 2021 (Exhibit H) detailed $96.00 for "preparation of a demand letter" as of January 19, 2021, an additional $216.00 as of March 11, 2021, an additional $360.00 as of April 16, 2021 and an additional $758.00 for inquiries about two owners as of May 21, 2021.

CREDITOR filed a lawsuit to recover alleged delinquent assessments, attorney's fees, costs and interest in Harris County District Court on June 30, 2021, ten months after the demand letter, with a HOLT & YOUNG attorney as attorney of record. As a part of that petition, CREDITOR's attorney claimed DEBTOR was sent "multiple notices" of the debt including notice that CREDITOR would attempt foreclosure of a lien against DEBTOR's residence.

Account history information provided by CREDITOR for DEBTOR since 2014 reveal that CREDITOR claimed to have sent DEBTOR letters four times; April 16, 2018, July 19, 2018, March 15, 2019, and August 19, 2020. DEBTOR did not receive a letter notice of debt until August 19, 2020 (Exhibit C). The only mention of a lien was notice that collection proceedings against DEBTOR's account "may include…filing a lien against your property" in the letter dated August 19, 2020. There were three demand letters sent by HOLT & YOUNG in 2021 with notice that CREDITOR "may proceed with enforcing its lien rights against your property", but no notice of "foreclosure" as claimed by CREDITOR in their original petition of June 30, 2021.

## ARGUMENTS AND AUTHORITIES

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); see Reygadas v. DNF Assocs., LLC, 982 F.3d 1119, 1121 (8th Cir. 2020). To establish a violation of the FDCPA, a plaintiff must demonstrate that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Pace v. Portfolio Recovery Assocs., LLC, 872 F.Supp.2d

861, 864 (W.D. Mo. 2012). The FDCPA should "be construed liberally in favor of the consumer." See Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir.2002); see also Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 445 n.11 (5th Cir. 2013).

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a. The debt at issue must not be business debt, but must instead be consumer debt "primarily for personal, family, or household purposes." Id. See also Heinz, 514 U.S. at 292 (stating that FDCPA applies only to "consumer debt, i.e., debts arising out of ... transaction[s] that are primarily for personal, family, or household purposes.)" DEBTOR is a "consumer" as defined by the Act.

Attorneys and law firms can be debt collectors when they regularly attempt to collect debts through legal proceedings. See Heintz v. Jenkins, 514 U.S. 291, 294, 115 S. Ct. 1489, 1491, 131 L. Ed. 2d 395 (1995). See also Addison v. Braud, 105 F.3d 223, 224 (5th Cir. 1997). In Heintz v. Jenkins, 514 U.S. 291, 299 (1995), the United States Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." See also 15 U.S.C. § 1692a(6); Sayyed v. Wolpoff & Abramson, 485 F.3d 226. 232 (4th Cir). All Federal circuits to consider the issue, except for the Eleventh, have recognized the general principle that the FDCPA applies to the litigation activities of attorneys who qualify as debt collectors under the statutory definition.". HOLT & YOUNG  identify themselves as a third party debt collector in Court documents and are "debt collectors" as defined by the Act.

The CREDITOR demand letter of August 19, 2020 was a collection activity to collect a consumer debt. PMG became  a debt collector as defined by the FDCPA when CREDITOR "instructed" Shannon Lewis, the managing agent,  to write the letter. The demand letter included specific wording stating that CREDITOR "instructed" PMG to contact DEBTOR, that DEBTOR should contact PMG for "assistance in calculating payments", that DEBTOR could pay the "association" the total amount, and that PMG was "attempting to collect a debt....". There was no reference to DEBTOR's opportunity to dispute the debt or a subsequent  communication within five days of the initial communication as required by 15 USC § 1692(g).

Shannon Lewis, an employee of PMG,   became a debt collector by sending  that letter.  She was not an employee , officer or a fiduciary of CREDITOR at the time. The alleged debt originated prior to PMG

contracting with CREDITOR and was in default when the demand letter was prepared. Statements in the demand letter show that PMG did not hold/control accounts, make decisions about debts, contract services with third parties, have the power to act on CREDITOR's behalf or play a "significant role" in transactions. PMG was an agent of the CREDITOR acting as a debt collector until such time CREDITOR transferred collection of the debt from PMG to HOLT & YOUNG.

The HOLT & YOUNG demand letters claimed fees, interest, and charges that differ from amounts in documents provided DEBTOR by PMG and the HOLT & YOUNG "invoice detail" document (Exhibit H). That October 5, 2021 "invoice detail", prepared by HOLT & YOUNG, purporting to be attorney fees billed for collecting the alleged debt differs from "legal fees" accruing in an "Account History Report" for DEBTOR (Exhibit G), created by PMG, details concerning fees and costs identified in an affidavit sworn to by Shannon Lewis (Exhibit I), dated October 5, 2021, or amounts claimed by PMG in the August 19, 2020 demand letter (Exhibit C). Each of the various documents asserted differing amounts for fees, costs, and interest with Shannon Lewis's affidavit matching HOLT & YOUNG claims instead of PMG records.

Interest charges claimed by HOLT & YOUNG in their demand letters were $357.34 on January 19, 2021, $332.44 on March 26, 2021 and $357.34 on May 21, 2021. The "Account History Report" for DEBTOR identified $101.62 of "late interest" accumulated through May 19, 2021. Shannon Lewis claimed "interest" charged against the debt amounted to $382.14 as of October 5, 2021; $24.80 more than the May 21, 2021 demand letter or an additional $4.96 a month. Interest charges listed in the "Account History Report" for the same period were $8.30 per month for a total of $41.50. Interest charges; 10% of delinquent assessments, are $25 per year per delinquent assessment. The interest amounts claimed by HOLT & YOUNG and Shannon Lewis; $132.34 more than the actual interest due, are false representations as to the character, amount, and legal status of the alleged debt, a violation of the FDCPA.

The HOLT & YOUNG demand letters claimed attorney fees of $165.30 on January 19, 2021, $540.01 on March 26, 2021 and $1876.17 on May 21, 2021. The "Account History Report" for DEBTOR lists "legal fees" of $115.30 on February 24, 2021, additional "legal fees" of $424.46 on April 19, 2021 and an additional "legal fee" of $375.24 on May 19, 2021 for a total of $915 in "legal fees" accruing through May 2021. The "Account History Report" lists an additional $2045.81 in "legal fees" between May

2021 and October 2021 for a total of $2960.81. HOLT & YOUNG claimed attorney "legal service" fees of $1430 against DEBTOR's account through May 2021 and $1845 in additional charges between May 21, 2021 and October 5, 2021 for a total of $3275.  Shannon Lewis claimed "attorney fees" of $3275 in her October 5, 2021 affidavit. The fee difference between the HOLT & YOUNG and Shannon Lewis claim and PMG account records; $314.19, reveals a false representation of the character, amount, and legal status of the alleged debt by HOLT & YOUNG and Shannon Lewis, a violation of the FDCPA.

A comparison between the "Account History Report" of DEBTOR and other Champion Forest property owners involved in lawsuits filed by HOLT & YOUNG for CREDITOR in Harris County Civil District Courts in 2021 reveals that "late interest" charges are consistent from account to account regardless of delinquent assessment account balances (Exhibit J). Interest charges listed in DEBTOR's account history are $6.22 per month in 2020 and $8.30 per month in 2021 for a total of $68.42 interest in 2020 and $91.30 in 2021. Interest rates on claimed delinquent assessments; $25 per year per delinquent assessment, should be $75 in 2020; $6.25 per month, and $100 in 2021; $8.33 per month. In three other homeowner account histories, the Interest charged against alleged delinquent assessments was $2.08 per month for the first year of alleged delinquent assessment followed with a doubled interest charge of $4.15 per month the second year. No other homeowner was charged more than $4.15 regardless of the number of outstanding delinquent assessments. DEBTOR's interest charges were $6.22 per month in 2020; the third year of alleged delinquent assessments, and $8.30 per month in 2021; the fourth year of alleged delinquent assessments.  Accounting was and is arbitrary and capricious with DEBTOR's interest rate higher than any other homeowner sued by CREDITOR in 2021.

A comparison between "legal fees" invoiced in "Account History Reports" during 2021 for the four different homeowner accounts available through Harris County District Court documents reveal identical amounts listed for two or more homeowners with different invoice numbers eight times in 2021. An additional two entries among the four different homeowner accounts reveals number jumbling; $566.78 in one account versus $588.76 in a second account listed on the same day. The HOLT & YOUNG "invoice detail" of October 5, 2021 (Exhibit H) lists dollar amounts for legal services while PMG records include cents in twenty-five out of thirty "legal fee" entries in the four different account histories.  Such spurious entries indicate sums being invented by a record keeper to alter financial records as part of some fraudulent scheme.

The FDCPA states, "any debt collector who fails to comply with any provision" may be liable for (1) actual damages, (2) additional statutory damages up to $1,000, and (3) costs and attorneys' fees. 15 U.S.C. § 1692k(a). In assessing damages under the FDCPA, courts are to consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). A consumer can recover statutory damages without proving actual damages. Serna v. Law Office of Joseph Onwuteaka, P.C., No. 4:11-CV-3034, 2014 WL 109402, at *6 (S.D. Tex. Jan. 10, 2014), aff'd sub nom. Serna v. Law Office of Joseph Onwuteaka, P.C., 614 F. App'x 146 (5th Cir. 2015).

Awarding statutory damages is consistent with the "core Congressional concerns underlying the FDCPA." Peter v. GC Servs. L.P., 310 F.3d 344, 352-53 (5th Cir. 2002). "[B]y providing for statutory damages and attorneys['] fees for successful plaintiffs, the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations."); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307 (2d Cir. 2003) (holding that actual damages are not required for standing under FDCPA); Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 514 (6th Cir. 2007) ("[A] consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages."); Harper v. Better Business Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) (affirming the district court's maximum award of $1,000 in additional statutory damages and attorneys' fees even though the plaintiff had "offered no proof of actual damages").

## CONCLUSION AND PRAYER

HOLT & YOUNG violated the FDCPA repeatedly by using false, deceptive, or misleading representations or means in connection with the collection of a debt. Shannon Lewis, an employee of PMG, also used false, deceptive, or misleading representations or means in collusion with HOLT & YOUNG at the expense of PMG records. The false representations were knowingly made and were material. Those false statements increased the alleged debt owed by DEBTOR by at least $446.53. Accounting irregularities involving interest charges and legal fees in account histories identified by DEBTOR infer the possibility of criminal fraud by PMG and HOLT & YOUNG employees.

DEBTOR prays this Court find HOLT & YOUNG, attorneys employed by HOLT & YOUNG, Shannon Lewis and PMG in violation of the FDCPA and award DEBTOR actual damages, statutory damages, and any other relief the Court deems appropriate.

Respectfully submitted,

*Patrick N. Sweeney*
Patrick N. Sweeney
16010 Winchmore Hill
Spring, TX 77379
281-686-2109

**EXHIBITS LIST**

Exhibit A: Section 16 of Restrictions and Covenants Governing Property and Lots in Champion Forest

Exhibit B: Associa-Principle Management Group of Houston letter dated August 19, 2019

Exhibit C: Champion Forest Fund, Inc. Demand Letter dated August 19, 2020

Exhibit D: HOLT & YOUNG Demand Letter dated January 19, 2021

Exhibit E: HOLT & YOUNG Demand Letter dated March 26, 2021

Exhibit F: HOLT & YOUNG Demand Letter dated May 21, 2021

Exhibit G: Account History Report for Patrick & Jill Sweeney, October 5, 2021

Exhibit H: HOLT & YOUNG Invoice Detail for Legal Services dated October 5, 2021

Exhibit I: Affidavit of Shannon Lewis dated October 5, 2021

Exhibit J: Account History Reports for 3 homeowners in Champion Forest

**CERTIFICATION OF SERVICE**

A copy of Debtor's original petition was served on the following via e-mail and USPS first class mail (exhibits omitted) on April 12, 2022:

Russel T. Holt
Holt & Young, P.C
9821 Katy Freeway Suite 350
Houston, TX 77024
rholt@holtyoung.com

*Patrick N. Sweeney*
Patrick N. Sweeney
16010 Winchmore Hill
Spring, TX 77379
281-686-2109
pnsweeney@comcast.net